UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by __AJ3__ D.C.
NOV 0 5 2008
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

YANET CAMPBELL, an individual

Plaintiff(s),  08-23080-CIV-MORENO/TORRES

v.                              Judge:
                                Case No.:

EQUIFAX INFORMATION SERVICES, LLC.
ASSET ACCEPTANCE, LLC.
d/b/a VICTORIA'S SECRET
CAPITAL ONE SERVICES, INC.
WORLD FINANCIAL NETWORK NATIONAL BANK
d/b/a EXPRESS
FORD MOTOR CREDIT COMPANY, LLC.
GLOBAL ACCEPTANCE CREDIT COMPANY, LP.
FEDERATED DEPARTMENT STORE BANK
D/B/A "MACY'S"
BANK OF AMERICA, NATIONAL ASSOCIATION USA

08-23080
CIV-MORENO
/TORRES

Defendant(s),
_____/

# COMPLAINT

**Plaintiff, YANET CAMPBELL,** on behalf of herself, through the undersigned attorney, files this Complaint against **EQUIFAX INFORMATION SERVICES, LLC. (herein "EQUIFAX), ASSET ACCEPTANCE, LLC. (herein "ASSET ACCEPTANCE"), CAPITAL ONE SERVICES, INC. (herein "CAPITAL ONE") WORLD FINANCIAL NETWORK NATIONAL BANK (herein "WFNNB"), FORD MOTOR CREDIT COMPANY, LLC. (herein "FMCC"), GLOBAL ACCEPTANCE CREDIT COMPANY, LP. (herein "GLOBAL ACCEPTANCE"), FEDERATED DEPARTMENT STORE BANK (herein "FDSB"), BANK OF AMERICA, NATIONAL ASSOCIATION USA (herein "BANK of AMERICA")** and states as follows:

Page 1 of 14

## A. JURISDICTION

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as amended and the Federal Debt Collections Practices Act 15 U.S.C. § 1692 et seq., as applicable.

2. Jurisdiction of this Court arises under 15 U. S. C. § 1681p, 28 U. S. C. § 1331, 1337 and 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. The Defendant **EQUIFAX** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4. The Defendant **ASSET ACCEPTANCE** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

5. The Defendant **CAPITAL ONE** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

6. The Defendant **WFNNB** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

7. The Defendant **FMCC** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

8. The Defendant **GLOBAL ACCEPTANCE** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

9. The Defendant **FDSB** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

10. The Defendant **BANK OF AMERICA** is a business entity that regularly conducts business through out the State of Florida is a citizen

of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U.S. C. §1681.

## B. VENUE

11. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

a. The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

b. At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA/FDCPA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

12. Plaintiff, **YANET CAMPBELL,** (hereinafter "Plaintiff"), is an individual residing in the County of **Miami Dade,** State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

13. All Defendants are business entities which regularly conduct business through out most every state and county in the United States and as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

## C. FACTS COMMON TO ALL COUNTS

14. Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, of which was obtained fraudulently without her permission or knowledge.

15. Plaintiff sent dispute letters to Defendant **EQUIFAX** including her personal identification, stating that these accounts did not belong to her that her sister's name is Yinet Campbell.

16. Plaintiff informed **EQUIFAX** that the **ASSET ACCEPTANCE** account did not belong to her.

17. Plaintiff informed **EQUIFAX** that the **CAPITAL ONE** account did not belong to her.

18. Plaintiff informed **EQUIFAX** that the **WFNNB** account did not belong to her.

19. Plaintiff informed **EQUIFAX** that the **FMCC** account did not belong to her.

20. Plaintiff informed **EQUIFAX** that the **GLOBAL ACCEPTANCE** account did not belong to her.

21. Plaintiff informed **EQUIFAX** that the **FDSB** account did not belong to her.

22. Plaintiff informed **EQUIFAX** that the **BANK OF AMERICA** account did not belong to her.

23. Defendant **EQUIFAX** received this dispute letter and/or package on July 14, 2008 via certified mail, but failed to properly conduct a reasonable investigation.

24. Upon information and belief, **EQUIFAX** sent some type of notice to **ASSET ACCEPTANCE** using a consumer dispute verification form or automated consumer dispute verification.

25. Upon information and belief, **ASSET ACCEPTANCE** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

26. Upon information and belief, **EQUIFAX** sent some type of notice to **CAPITAL ONE** using a consumer dispute verification form or automated consumer dispute verification.

27. Upon information and belief, **CAPITAL ONE** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

28. Upon information and belief, **EQUIFAX** sent some type of notice to **WFNNB** using a consumer dispute verification form or automated consumer dispute verification.

29.     Upon information and belief, **WFNNB** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

30.     Upon information and belief, **EQUIFAX** sent some type of notice to **FMCC** using a consumer dispute verification form or automated consumer dispute verification.

31.     Upon information and belief, **FMCC** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

32.     Upon information and belief, **EQUIFAX** sent some type of notice to **GLOBAL ACCEPTANCE** using a consumer dispute verification form or automated consumer dispute verification.

33.     Upon information and belief, **GLOBAL ACCEPTANCE** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

34.     Upon information and belief, **EQUIFAX** sent some type of notice to **FDSB** using a consumer dispute verification form or automated consumer dispute verification.

35.     Upon information and belief, **FDSB** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

36. Upon information and belief, **EQUIFAX** sent some type of notice to **BANK OF AMERICA** using a consumer dispute verification form or automated consumer dispute verification.

37. Upon information and belief, **BANK OF AMERICA** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

38. Thereafter, **EQUIFAX** responded to Plaintiff's dispute letter, verified these fraudulent accounts.

39. **EQUIFAX** continued to report these fraudulent accounts on her retail credit report, and refused to delete said fraudulent accounts.

40. Plaintiff has been damaged as a direct and proximate cause of Defendants actions because the derogatory information reported has impaired her normal ability to obtain financial lending as it reflects incorrect, inaccurate, misleading, and/or false information.

## D. CAUSES OF ACTION

**COUNT ONE
VIOLATION OF THE
Fair Credit Reporting Act by
Defendants EQUIFAX
15 U.S.C § 1681, et seq.**

41.     Plaintiff incorporates paragraphs 1 through 40 as though fully stated herein.

42.     In the entire course of its actions Defendants **EQUIFAX** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after

      conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EQUIFAX** for:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of Punitive damages;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

**COUNT TWO**
**VIOLATION OF THE**
**Fair Credit Reporting Act**
**By ASSET ACCEPTANCE, CAPITAL ONE,**
**WFNNB, FMCC, GLOBAL ACCEPTANCE,**
**FDSB & BANK OF AMERICA**
**15 U.S.C § 1681s-(2)(b), et seq.**

43.  Plaintiff incorporates paragraphs 1 through 40 as though fully stated herein.

44.  At all times pertinent hereto, these Defendants were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

45.  These Defendants violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendants willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to these Defendants;

c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account , and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of Punitive damages;
- For all inaccurate information reported by defendants to be permanently deleted from Plaintiffs credit reports and files.
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

Page 13 of 14

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated this 27th day of October of 2008.

Respectfully submitted,
Law Offices of
**GHAZAL & GOMEZ, LLC.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel. 954.921.7676
Fax. 954.925.7816


/s/Michael Gomez
Michael Gomez, ESQ.
FBN: 043338


Samira Ghazal, ESQ.
As Co-Counsel
FBN: 0864617

Page 14 of 14

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi[red] by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u[se] of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Janet Campbell

**DEFENDANTS**
Equifax, Asset Acceptance, Capital One, WFNNB, Ford Motor, Global Acceptance, FDSB, Bank of America

CIV-MORENO / TORRES

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

## 08-23080-CIV-MORENO/TORRES

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-901-7674
Michael Souez
1930 Tyler St. Hollywood FL 33080

ATTORNEYS (IF KNOWN)

## 08-23080

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by ___ JS ___ D.C.
NOV 05 2008
STEVEN M. LARIMORE
CLERK U.S. DIST CT
S.D. OF FLA. MIAMI

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. § 1681    FCRA

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES   ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____ DOCKET NUMBER _____
IF ANY

DATE 10/28/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 989872   AMOUNT $350.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

11/05/08