UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-23080-CIV-MORENO/TORRES

YANET CAMPBELL, an individual,

  Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC.
ASSET ACCEPTANCE, LLC
d/b/a VICTORIA'S SECRET
CAPITAL ONE SERVICES, INC.
WORLD FINANCIAL NETWORK NATIONAL BANK
d/b/a EXPRESS
FORD MOTOR CREDIT COMPANY, LLC.
GLOBAL ACCEPTANCE CREDIT COMPANY, LP.
FEDERATED DEPARTMENT STORE BANK
d/b/a "MACY'S"
BANK OF AMERICA, NATIONAL ASSOCIATION, USA

  Defendants.
_____/

## DEFENDANT, FORD MOTOR CREDIT COMPANY'S, MOTION TO DISMISS

The Defendant, Ford Motor Credit Company LLC ("Ford Credit"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. Pro. 12(b)(6), requests the Court to enter an order dismissing the Plaintiff's Complaint, and in support thereof states as follows:

## MEMORANDUM OF LAW

In reviewing a motion to dismiss, two issues must be evaluated to determine whether the complaint states a valid claim. *Allmond v. Bank of American*, 2008 WL

Case 1:08-cv-23080-FAM   Document 6   Entered on FLSD Docket 12/03/2008   Page 2 of 7

Campbell vs. Equifax
Case No.: 08-23080-CIV-Moreno/Torres
Motion to Dismiss
Page 2

205320*3 (M.D. Fla. 2008)(citing *Watts v. Florida Int'l Univ.*, 495 F. 3d 1289, 1295 (11th Cir. 2007)) First, the complaint must plead all the necessary elements of a legal theory which provides recovery. *Id*. Second, the complaint must address the necessary elements with factual material sufficient to raise a right to relief beyond mere speculation. *Id*. The complaint at issue alleges Ford Credit violated the Fair Credit Report Act (FCRA), but fails to properly state a valid claim for both of the above mentioned reasons. First, Plaintiff is not entitled to legal recovery for Ford Credit's alleged violation of section 1681 s-2(a) of the FCRA. Additionally, the Plaintiff failed to plead sufficient factual allegations to support the claims.

I. **Plaintiff cannot bring a cause of action for Ford Credit's alleged willful and/or negligent dissemination of credit information to credit reporting agencies.**

Plaintiff's allegation that Ford Credit disseminated inaccurate information concerning her credit to reporting agencies is not a valid cause of action. (Complaint ¶ 45(f)) Section 1681 s-2(a), FCRA, requires furnishers of information, like Ford Credit, to submit accurate information to credit reporting agencies. However, enforcement of this provision is limited to governmental agencies. *See Green v. RBS National Bank*, 2008 WL 2957118 (11th Cir. 2008)(holding that consumer could not bring cause of action against a bank for allegedly tendering information regarding his account in

violation of section 1681 s-2(a)); *Also see Allen v. American Express Company*, 2007 WL 2113622 * 2 (S.D. Fla. 2007)(explaining that a consumer has no private cause of action against a furnisher for violation of section 1681 s-2(a)). In this case, the Plaintiff, as a consumer, is prohibited from bring a claim against Ford Credit for a violation of section 1681 s-2(a). Therefore, paragraph 45(f) of Plaintiff's complaint fails to state a claim for which relief may be granted, and should properly be dismissed.

## II.     Plaintiff lacks factual allegations to support the Complaint.

To survive a motion to dismiss, a complaint must contain factual information to suggest each material element of a claim; mere labels, conclusions, or a formulaic recitation of the elements of a cause of action will not suffice. *Jackson v. Geneys Credit Management*, 2007 WL 2113626 (S.D. Fla. 2007); *Allmond v. Bank of American*, 2008 WL 205320*3 (M.D. Fla. 2008).

Under section 1681 s-2(b), a furnisher of information upon notice of a dispute with regard to the accuracy of any information provided to a consumer reporting agency, is required to:

> (A)     conduct an investigation with respect to the disputed information;

    (B)    review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

    (c)    report the results of the investigation to the consumer reporting agency;

    (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E)    if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

        (i)    modify that item of information;

        (ii)    delete that item of information; or

        (iii)    permanently block the reporting of that item of information.

15 U.S.C. section 1681s-2(b) (West 2008).

In Count II, the only cause of action directed against Ford Credit, the Complaint states that Ford Credit violated section 1681 s-2(b) by willfully and/or negligently failing to:

(a) conduct an investigation of the disputed information;

(b) review information provided concerning Plaintiff's account;

(c) report any inaccurate information to all credit reporting agencies;

(d) delete inaccurate information on Plaintiff's file after conducting an investigation;

(e) participate in the reinvestigation conducted by Equifax;

(g) failed to comply with the requirements imposed on furnishers of information pursuant to section 1681 s-2(b)

(Complaint ¶ 45(a)-(e))

The only facts plead pertaining to Ford Credit other than the conclusive statements that mirror the elements contained in section 1681 s-2(b), are that:

1. Plaintiff informed Equifax that her sister Yinet, not herself, was the account holder;

2. Equifax sent "some type of notice" to Ford Credit using a dispute form or automated process; and

3. Ford Credit verified the account belonged to the Plaintiff.

These facts are clearly insufficient to support Plaintiff's cause of action.

Notably, the Plaintiff fails to allege the content of the notice Equifax sent to Ford Credit or even the specific type of notice. The type of information Ford received from Equifax is necessary to allege that Ford was negligent in reviewing the information, conducting an investigation, or failing to cure allegedly inaccurate information reported to Equifax. Additionally, simply alleging that Ford Credit generally failed to comply with section 1681 s-2(b) is likewise insufficient. Mere blanket assertions claiming a general violation of a statute are inadequate to assert a proper cause of action under the FCRA and are grounds for dismissal. See *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1143 (N.D. Cal. 2005))(holding that a complaint's conclusive statements that the defendant failed to comply with the requirements of section 1681 s-2(b) was insufficient to state a proper claim). Accordingly, this Court should find that the Complaint fails to allege sufficient factual allegations to support a cause of action that Ford Credit violated the FCRA.

## CONCLUSION

In sum, the Complaint fails to state a valid claim against Ford Credit. The Plaintiff is not entitled to bring a cause of action against Ford Credit for the alleged dissemination of inaccurate information to a credit reporting agency. Additionally, the

Campbell vs. Equifax<br>
Case No.: 08-23080-CIV-Moreno/Torres<br>
Motion to Dismiss<br>
Page 7

Plaintiff has failed to allege sufficient facts to support the claimed cause of action against Ford Credit.

**WHEREFORE**, the Defendant, Ford Motor Credit, hereby requests this Honorable Court enter an order granting its Motion to Dismiss the Plaintiff's Complaint.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to **Michael Gomez, Esquire**, Ghazal & Gomez, 1930 Tyler Street, Hollywood, Florida 33020 on this 3rd day of December, 2008.

GEORGE, HARTZ & LUNDEEN
Attorneys for the Defendant,
Ford Motor Credit Company LLC

By _/s/ Jessica Sagers_
for CHARLES MICHAEL HARTZ
Florida Bar Number 162521
4800 LeJeune Road
Coral Gables, Florida 33146
Telephone (305) 662-4800