UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-23080-CIV-MORENO

YANET CAMPBELL,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES LLC, ASSET ACCEPTANCE LLC, CAPITAL ONE SERVICES INC., WORLD FINANCIAL NETWORK NATIONAL BANK, FORD MOTOR CREDIT COMPANY LLC, GLOBAL ACCEPTANCE CREDIT COMPANY LP, FEDERATED DEPARTMENT STORE BANK, and BANK OF AMERICA NATIONAL ASSOCIATION USA,

    Defendants.
_____/

### ORDER DENYING DEFENDANT FORD MOTOR CREDIT COMPANY'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Ford Motor Credit Company's Motion to Dismiss **(D.E. No. 6)**, filed on **December 3, 2008**.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED** for the reasons stated below.

### I. Background

Plaintiff Yanet Campbell filed this case against Defendant Equifax Information Services ("Equifax") and seven other corporate Defendants -- Asset Acceptance, Capital One Services, World Financial Network National Bank, Global Acceptance Credit Company, Federated

Department Store Bank, Bank of America National Association, and Ford Motor Credit Company (collectively, the "Corporate Defendants") -- for violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that she sent dispute letters to Equifax requesting that Equifax remove certain accounts from her credit report that did not belong to her. Equifax contacted the Corporate Defendants regarding the disputed accounts. The Corporate Defendants allegedly willfully and/or negligently failed to investigate the accounts properly and informed Equifax that the accounts did belong to Plaintiff. Thus, Equifax refused to remove the accounts from Plaintiff's credit report, and Plaintiff filed the instant action against Defendants for violations of the FCRA.

Plaintiff voluntarily dismissed Defendants Equifax, Asset Acceptance, and Global Acceptance Credit Company. Default final judgments were entered against Defendants Capital One Services and Federated Department Store Bank. Defendant World Financial Network National Bank answered the complaint. Defendant Bank of America National Association has not yet been served. Defendant Ford Motor Credit Company ("Defendant") filed a Motion to Dismiss, which is the subject of this memorandum. Plaintiff never responded to Defendant's Motion to Dismiss.

## II. Legal Standard

In ruling on a motion to dismiss, the Court must limit its consideration to the pleadings and any exhibits attached to the pleadings. *GSW, Inc. v. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir. 1993). The Court must view the complaint in the light most favorable to the Plaintiff. *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain

a short and plain statement of the claim showing that the pleader is entitled to relief." *United States v. Baxter Int'l Inc.*, 345 F.3d 866, 880 (11th Cir. 2003). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

### III.  Legal Analysis

Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted. First, Defendant alleges that Plaintiff cannot bring a cause of action under Section 1681s-2(a) FCRA as enforcement of this provision is limited to governmental agencies. *See Green v. RBS National Bank*, 2008 WL 2957228, at *1 (11th Cir. 2008). Defendant is correct. However, Plaintiff brought this cause of action under Section 1681s-2(b) FCRA, which *does* provide a private right of action to redress such a violation. *Id.* Thus, Defendant's argument is without merit.

Second, Defendant alleges that Plaintiff provided insufficient factual allegations to support the Complaint. Defendant states that "simply alleging that Ford Credit generally failed to comply with section 1681s-2(b) is likewise insufficient." Plaintiff, however, did not simply

allege that Defendant failed to comply with section 1681s-2(b).  To the contrary, Plaintiff stated that Defendant:

- willfully/negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed,
- willfully/negligently failed to review all relevant information concerning Plaintiff's account,
- willfully/negligently failed to report the inaccurate status of the inaccurate information to all credit reporting agencies,
- willfully/negligently failed to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation,
- willfully/negligently failed to properly participate, investigate, and comply with reinvestigations that were conducted by any and all credit reporting agencies concerning the disputed information,
- willfully/negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate,
- willfully/negligently failed to comply with the requirements imposed on furnishers of information pursuant to law.

Clearly, Plaintiff did not simply allege that Defendant violated the law.  Under the liberal pleading requirements, Plaintiff's allegations are sufficient to withstand a motion to dismiss for failure to state a claim.

Defendant also states that Plaintiff's allegations are insufficient because "Plaintiff fails to allege the content of the notice Equifax sent to Ford Credit or even the specific type of notice." In her Complaint, Plaintiff alleged that Equifax sent notice to Ford - that is all that Plaintiff was required to allege in order to satisfy the liberal pleading requirements. Until discovery is conducted, Plaintiff may not know the content or type of the notice. If plaintiffs were required to plead such information in order to bring claims, defendants could prevent claims by simply not disclosing the notices. That result would be absurd.

For the above mentioned reasons, Plaintiff provided sufficient factual allegations to support her Complaint and Defendant's Motion to Dismiss for failure to state a claim is denied.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of February, 2009.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record